IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-171 |
| WARDEN FCI CUMBERLAND, et al., | * | |
| Defendants. | * | |

***

## MEMORANDUM

Self-represented plaintiff Larry Cochran filed suit against a host of defendants, alleging violations of his constitutional rights and intentional infliction of emotional distress related to his incarceration at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). ECF 1. Cochran filed the Complaint together with a motion to proceed in forma pauperis. ECF 2. As Cochran appears to be indigent, his motion will be granted. However, for the reasons that follow, the Complaint must be dismissed.

Cochran alleges in the Complaint that while he was incarcerated at FCI Cumberland, he was subjected to poor prison conditions, various assaults, and mistreatment by fellow inmates, in violation of his Constitutional rights. ECF 1 at 4-6.[1] Specifically, Cochran alleges that defendants violated "the prohibitions against Violations of Due Process and Equal Protection Under the Law and Cruel and Unusual Punishment," and that they violated "Title 18 U.S.C. §4041(a)(2) in failing

---

[1] Cochran has another case pending in this court, Civil Action DLB-22-305. It includes many if not all of the same factual allegations as those raised here. Cochran was still incarcerated when he filed that case, and he asked for declaratory and injunctive relief regarding the prison conditions. *See* Civil Action DLB-22-305, ECF 1.

to meet their obligations and duties to the Plaintiff." *Id*. at 3.[2]  Cochran seeks five million dollars in damages. *Id*. at 11.

## I.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.

The complaint of a self-represented plaintiff must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But, liberal construction does not mean a district court can ignore a clear failure to allege facts in the complaint that set forth a claim that is cognizable under federal law. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

This Complaint is subject to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. However, to protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The Court is unaware of the cited statute. Cochran likely intended to refer to 18 U.S.C. § 4042, which outlines the duties of the Bureau of Prisons. However, this statute does not confer a private cause of action.

Further, courts have an independent obligation to determine whether they have subject-matter jurisdiction to consider a case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. Discussion

### A. *Bivens* Claims

Cochran cites various constitutional amendments and statutes. But, his Complaint, liberally construed, alleges violations of his Eighth Amendment rights, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[3] *Bivens* is a judicially-created remedy designed to vindicate violations of constitutional rights committed by federal actors in their individual capacity. *See Hower v. Stewart*, GLR-17-198, 2018 WL 4384150, at *7 (D. Md. Sept. 14, 2018) (citing *Bivens*, 403 U.S. at 395-97 (1971))).

To state a *Bivens* claim, a plaintiff must allege that "a federal agent acting under color of his [federal] authority" violated his constitutional rights. *Bivens*, 403 U.S. at 389. Thus, plaintiff must sue the named defendants in their individual, rather than their official, capacities. *See Funches v. Wright*, 804 F.2d 677 (4th Cir. 1986) (citing *Butz v. Economou*, 438 U.S. 478 (1978)).

I pause to note that Cochran does not specify whether he intends to sue defendants in their individual or official capacities. Nevertheless, he is prevented from suing defendants in their official capacities by the doctrine of sovereign immunity. Sovereign immunity protects the United

---

[3] Cochran cites the due process and equal protection clauses. But, even liberally construed, there is nothing in the Complaint that could be construed as violations of those rights.

States and its agencies from all lawsuits absent a waiver of immunity. *Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005). Congress may, by enacting legislation, expressly waive sovereign immunity for certain suits. *See Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). The sovereign immunity of the United States also generally extends to federal officers sued in their official capacity. *See Dugan v. Rank*, 372 U.S. 609, 620-22 (1963); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983).

Therefore, defendants enjoy "a presumption of immunity," *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019), *cert. denied*, ___ U.S. ___, 140 S. Ct. 1440 (2020), and plaintiff has the burden to demonstrate a waiver of the Government's sovereign immunity. *Welch*, 409 F.3d at 651. A waiver of sovereign immunity is "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). As Cochran has provided no basis for a waiver of sovereign immunity, he has not stated a claim against any defendant in his official capacity.

In a *Bivens* action, the plaintiff may seek money damages against a federal agent acting under the color of his authority for injuries caused by the agent's unconstitutional conduct but may not seek damages against the United States or a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *see also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)). However, the Supreme Court has clarified that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017) (cleaned up) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). And, neither of the claims Cochran makes—poor prison conditions and failure to protect from harm—are viable claims pursuant to *Bivens*.

"[T]he question of whether to provide a *Bivens* remedy should be informed and limited by separation-of-powers principles." *Tun-Cos v. Perrotte*, 922 F.3d 514, 522 (4th Cir. 2019). "Drawing" on *Abbasi*, the Fourth Circuit referenced a two-step inquiry for determining if a *Bivens* remedy is available. *Id.* Courts first look to whether "'the statutory or other legal mandate under which the officer was operating'" differs "'in [any] meaningful way' from the three cases in which the Court has recognized a *Bivens* remedy. . . ." *Perrotte*, 922 F.3d at 522-23 (quoting *Abassi*, 582 U.S. at 140, 147).

The three cases referenced by the *Abassi* Court are: *Bivens*, 403 U.S. 388, 389-98 (1971)(remedy available for Fourth Amendment claim against federal agents after they handcuffed a man in his own home without a warrant); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing *Bivens* remedy in suit against a Congressman by former employee who claimed sex discrimination, in violation of the equal protection clause of the Fifth Amendment); and *Carlson v. Green*, 446 U.S. 14, 19 (1980) (recognizing damages remedy under *Bivens* for Eighth Amendment violation by federal jailers when they refused to treat a prisoner-plaintiff's asthma).

If there is no meaningful contextual difference, then a *Bivens* remedy remains available. *Id.* If the context is new, however, this court is required to consider whether there are "'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Abassi*, 582 U.S. at 136 (citation omitted).

In other words, the inquiry is *who* should decide that a damages remedy should exist – the legislative branch or the judiciary. *Id*. Importantly, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

The Fourth Circuit has determined that neither prison conditions claims nor failure to protect claims are viable under *Bivens*. *See Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023) (finding that a claim that defendants failed to protect plaintiff and failed to intervene when he was transferred to a different prison and subsequently murdered by inmates was not a viable claim under *Bivens*); *Tate v. Harmon*, 54 F.4th 839, 841 (4th Cir. 2022) (finding that a claim that "'degenerate'" prison conditions violated prisoner's Eighth Amendment rights against cruel and unusual punishment could not be brought pursuant to *Bivens*).

Cochran's Eighth Amendment claims of cruel and unusual punishment by way of poor prison conditions and failure to protect from harm cannot be brought pursuant to *Bivens*. Therefore, those claims must be dismissed.

### B. Federal Tort Claims Act Claims

Cochran's Complaint also alleges intentional infliction of emotional distress against defendants. Such a claim must be brought via the Federal Tort Claims Act ("FTCA"). The FTCA provides a limited waiver of sovereign immunity for certain tort actions. *See* 28 U.S.C. §§ 1346(b), 2674.

Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b)(1). Given that the FTCA waives sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication. *See United States v. Nordic Vill., Inc.,* 503 U.S. 30, 34 (1992).

Of relevance here, plaintiff must exhaust administrative remedies before filing suit under the FTCA, or else the case is subject to dismissal. 28 U.S.C. § 2675(a); *see McNeil v. United States*,

508 U.S. 106, 112 (1993); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).  It is well settled that the requirement of filing an administrative claim is jurisdictional and may not be waived.  28 U.S.C. § 2675(a); *see McNeil*, 508 U.S. at 112; *see also Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000); *Drew v. United States*, 217 F.3d 193, 196 (4th Cir. 2000); *Plyler*, 900 F.2d at 42.

Cochran does not allege that he filed an administrative tort claim.  Nor has he demonstrated that he exhausted all applicable administrative remedies.  Absent any allegation or evidence of a waiver of sovereign immunity, the court must dismiss Cochran's claim of intentional infliction of emotional distress, construed as one under the FTCA, for lack of subject matter jurisdiction.

### III.  Conclusion

For the reasons stated in this Memorandum, I shall dismiss this case for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.  A separate Order follows.

<u>May 25, 2023</u>                                          <u>        /s/                       </u>
Date                                                        Ellen L. Hollander
                                                           United States District Judge