IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-171 |
| WARDEN, FCI Cumberland, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM

Plaintiff Larry Cochran has filed a motion for reconsideration (ECF 8, "Motion") under Fed. R. Civ. P. 59(e) with respect to this court's Order dismissing his civil rights Complaint for failure to state a claim and lack of subject matter jurisdiction. *See* ECF 6, ECF 7. For the reasons stated below, I shall deny the Motion.

### I.   Factual and Procedural Background

Cochran, who is disabled, filed suit against a host of defendants, alleging violations of his constitutional rights and intentional infliction of emotional distress related to his incarceration at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). ECF 1. It appears that Cochran is no longer in custody.[1]

---

[1] Cochran filed another case in this court, Civil Action DLB-22-305, which included factual allegations similar to those raised here. Cochran was incarcerated when he filed that case, and he asked for declaratory and injunctive relief regarding the prison conditions. He did not seek money damages. But *see id.* at ECF 12; ECF 15. The case was dismissed, as moot, because in August 2022, Cochran notified the Clerk of Court of his release and change of address. *See id.*, ECF 9; ECF 24.

Plaintiff has not formally advised this Court of his release from incarceration. But, I note that in this case, in ECF 8, plaintff uses an address in Illinois, not FCI Cumberland. *See id.* at 2.

The Clerk shall be directed to send a copy of this Memorandum and Order to the Illinois address that appears on page 2 of ECF 8.

In the Complaint, Cochran alleged that while he was incarcerated at FCI Cumberland, he was subjected to poor prison conditions, various assaults, and mistreatment by fellow inmates, in violation of his constitutional rights. *Id.* at 4-6. According to Cochran, defendants violated "the prohibitions against Violations of Due Process and Equal Protection Under the Law and Cruel and Unusual Punishment," and that they violated "Title 18 U.S.C. §4041(a)(2) in failing to meet their obligations and duties to the Plaintiff." *Id*. at 3.[2]

This Court issued a Memorandum on May 25, 2023 (ECF 6), in which I liberally construed the Complaint to assert violations of Cochran's Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Bivens* is the federal analog to claims under 42 U.S.C. § 1983. *Bulger v. Hurwitz*, 62 F.4th 127, 135 (4th Cir. 2023). It is a judicially-created remedy designed to vindicate violations of constitutional rights committed by federal actors in their individual capacity. *See Hower v. Stewart*, GLR-17-198, 2018 WL 4384150, at *7 (D. Md. Sept. 14, 2018) (citing *Bivens*, 403 U.S. at 395-97 (1971)).

To state a *Bivens* claim, a plaintiff must allege that "a federal agent acting under color of his [federal] authority" violated his constitutional rights. *Bivens*, 403 U.S. at 389. Moreover, the plaintiff must sue the named defendants in their individual capacities. *See Funches v. Wright*, 804 F.2d 677 (4th Cir. 1986) (citing *Butz v. Economou*, 438 U.S. 478 (1978)).

In my Memorandum, I noted that the Fourth Circuit has determined that failure to protect claims are not viable under *Bivens*. *See Bulger*, 62 F.4th at 138 (finding that a claim that defendants failed to protect the prisoner and failed to intervene when he was transferred to a

---

[2] The Court is unaware of the cited statute. Perhaps Cochran intended to refer to 18 U.S.C. § 4042, which outlines the duties of the Bureau of Prisons. However, this statute does not create a private cause of action.

different prison and subsequently murdered by inmates was not a viable claim under *Bivens*); *Tate v. Harmon*, 54 F.4th 839, 841 (4th Cir. 2022) (finding that a claim that "'degenerate'" prison conditions violated prisoner's Eighth Amendment rights against cruel and unusual punishment could not be brought pursuant to *Bivens*). Rather, the administrative remedy program is the proper remedial route. *See Bulger*, 62 F.4th at 140; *see also* 28 C.F.R. § 542.10.

Therefore, I concluded that Cochran's Eighth Amendment claims of cruel and unusual punishment by way of poor prison conditions and failure to protect from harm could not be brought pursuant to *Bivens*. As a result, I dismissed the claim.

In his Complaint, Cochran also alleged a claim of intentional infliction of emotional distress. Plaintiff did not cite the Federal Tort Claims Act ("FTCA"). But, I construed his claim as arising under that statute. The FTCA provides a limited waiver of sovereign immunity for certain tort actions. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Bulger*, 62 F.4th at 142.

Under the FTCA, the United States is liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b)(1). Given that the FTCA waives sovereign immunity, it is to be narrowly construed and may not be extended by implication. *See United States v. Nordic Vill., Inc.,* 503 U.S. 30, 34 (1992).

However, a plaintiff must exhaust administrative remedies before filing suit under the FTCA. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). It is well settled that, with respect to the FTCA, the prerequisite of exhaustion is jurisdictional and may not be waived. 28 U.S.C. § 2675(a); *see McNeil*, 508 U.S. at 112; *see also Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

Cochran did not allege that he filed an administrative tort claim. Nor did he demonstrate that he exhausted all applicable administrative remedies. Because of the absence of an allegation that would effect a waiver of sovereign immunity, the court dismissed Cochran's claim of intentional infliction of emotional distress, for lack of subject matter jurisdiction.

Cochran now asks the Court to reconsider its rulings. *See* ECF 8.

## II.     Discussion

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[3]  Under Rule 59(e), the district court may "reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014).

---

[3] The Court's Order was entered on May 25, 2023. ECF 7. Therefore, the motion to reconsider was due by June 22, 2023. However, it was not docketed until June 27, 2023. ECF 8.

Nevertheless, plaintiff used the date of June 16, 2023, on his submission. *See* ECF 8 at 2. The envelope is postmarked June 24, 2023. ECF 8-1. I shall assume, under the "prisoner mailbox rule," that the Motion was timely filed. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk").

Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. But, the Fourth Circuit has said: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco,*

5

*Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

Here, Cochran contends that his Federal Tort Claims Act claim for intentional infliction of emotional distress is not subject to dismissal because he is not required to demonstrate that he exhausted administrative remedies. ECF 8 at 2. This would be so if the claim arose under the Prison Litigation Reform Act, where exhaustion is merely an affirmative defense, not a jurisdictional requirement. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Younger v. Crowder*, 79 F.4th 373, 377 (4th Cir. 2023).

Notably, Cochran does not now or in his Complaint suggest that he has taken any steps toward exhausting administrative remedies under the FTCA. In fact, Cochran did not invoke or otherwise mention the FTCA in his Complaint. ECF 1. Rather, the FTCA was considered based on the court's construction of Cochran's pro se Complaint. ECF 6 at 6. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Cochran has failed to demonstrate any basis for this court to reconsider its ruling. As such, the Motion will be denied.

A separate Order follows.

January 10, 2024 /s/
Date Ellen L. Hollander
United States District Judge